FILED
CLERK

3:26 pm, Jul 18, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTONIOS DEMOSTHENOUS,

                            Plaintiff,

           -against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

22-CV-5033(GRB)

**GARY R. BROWN, United States District Judge:**

      Commonly known as the thigh bone, the femur is the longest, largest and one of the strongest bones in the human body, capable of supporting a weight of 6,000 pounds.[1] The scapula, or shoulder blade is "protected by the chest and surrounding muscles, [and thus] not easily fractured."[2] Thus, for an individual to break both femurs and a scapula would require a trauma of significant force, like, say, getting hit by a train. Which is exactly what happened to plaintiff—an individual with a significant history of heroin addiction. Notwithstanding the obvious consequences of such events, an ALJ with the Social Security Administration has now twice determined that the plaintiff is not disabled from his employment as a hotel housekeeper based upon a failure to properly apply well-established standards for the evaluation of medical evidence.

---

[1] Lawrence Davis, *Strength of Human Bones*, LibreTexts, https://phys.libretexts.org/Bookshelves/Conceptual_Physics/Body_Physics_-_Motion_to_Metabolism_(Davis)/07%3A_Strength_and_Elasticity_of_the_Body/7.01%3A_Strength_of_Human_Bones (last accessed July 18, 2024).

[2] *Scapula (Shoulder Blade) Fractures*, OrthoInfo.org, https://orthoinfo.aaos.org/en/diseases--conditions/scapula-shoulder-blade fractures/#:~:text=Because%20the%20scapula%20is%20protected,the%20scapula%20may%20be%20fractured. (last accessed July 18, 2024).

That remand is required to allow the Commissioner to conduct a proper review is beyond peradventure. The main question is whether the Court should direct that the matter be assigned to a different ALJ to conduct that review.[3] However, the intransigent failure of the subject ALJ to implement the substantive instructions of Judge Block in this matter provides a ready answer.

**Background**

In 2016, plaintiff filed an application for disability benefits with the Social Security Administration. Following an initial denial, plaintiff requested a hearing. Plaintiff appeared and testified at the hearing in 2018. Administrative Law Judge ("ALJ") Patrick Kilgannon found that plaintiff was not disabled.

Following an unsuccessful challenge before the Appeals Council, plaintiff filed a complaint in this judicial district in 2019, claiming that the ALJ did not properly weigh the medical evidence. *Demosthenous v. Comm'r of Soc. Sec.*, 19-CV-3633 (FB), 2021 WL 2156796 (E.D.N.Y. May 27, 2021). Judge Block found that, in rejecting the opinions of two treating physicians,[4] ALJ Kilgannon failed to properly consider the factors set forth in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Id.* at *2. As a result, Judge Block remanded the matter for further

---

[3] The parties have devoted much of the briefing on a different issue: following a remand pursuant to *Lucia v. SEC*, 585 U.S. 237 (2018) due to the improper appointment of an ALJ, does the failure to have that matter considered by a different ALJ after remand require yet another remand even where, as here, the original ALJ was subsequently properly reappointed? On the facts of this case, which include a failure of plaintiff to raise the issue before this Court in a prior appeal (along with concomitant risks of sandbagging) and the merits-based nature of the earlier remand, this presents an interesting issue. *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1273 (11th Cir. 2024) ("[T]here is no Appointments Clause violation when an earlier decision made by an unconstitutionally appointed ALJ is vacated on the merits and remanded to the same ALJ, who is now constitutionally appointed."). As the Second Circuit has recognized, there remains a Circuit split on this issue. *Nersten v. O'Malley*, 2024 WL 1985995, at *5 (2d Cir. 2024) ("Indeed, the courts of appeals are split on this very issue"). However, the Court need not reach that issue given the failures by the ALJ.

[4] This case, emanating from an application filed in 2016, is governed by the treating physician rule. *See Schillo v. Saul*, 31 F.4th 64, 70 (2d Cir. 2022).

2

administrative proceedings.  *Id.* at *7.  A new hearing was scheduled on April 12, 2022, again assigned to ALJ Kilgannon.

On remand, ALJ Kilgannon again found plaintiff not disabled in a May 2022 decision. After exhausting his administrative remedies, plaintiff timely appealed that decision by filing a complaint on August 25, 2022.  Docket Entry ("DE") 1.  Plaintiff now moves for judgment on the pleadings, arguing that (1) the Commissioner erred by reassigning the matter to ALJ Kilgannon in the wake of *Lucia*[5] and (2) that ALJ Kilgannon failed, once again, to properly weigh the medical evidence.  DE 13.

**Discussion**

The substantive aspects of this matter require not only a remand, but a remand to a different ALJ because ALJ Kilgannon entirely failed to follow the express order of this Court. In his opinion, Judge Block found that "the ALJ failed to properly weigh Langan and Sperber's opinions," referring to two of plaintiff's treating physicians.  *Demosthenous*, 2021 WL 2156796, at *2.  He further found that ALJ Kilgannon "compounded these errors by failing to adequately explain his decision to give 'significant weight' to a section of Langan's opinion which suggests that Demosthenous can 'perform medium work,' but little weight 'to the portion of the [same] opinion which notes manipulative limitations.'"  *Id.*  To correct these error, Judge Block plainly directed the ALJ to apply the "framework laid out in *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019)," further directing that even if the ALJ determined that the treating physician's opinion is not sufficiently supported to be entitled to controlling weight, the ALJ "must explicitly [consider] four nonexclusive factors" found in the caselaw to evaluate.  *Id.* at *1.

---

[5] While the Court does not reach this issue, its presence further buttresses the determination to direct that the matter be reassigned upon remand.

3

Notwithstanding these explicit instructions, the ALJ crafted a contrived, obfuscatory decision that flouts the remand order. For example, in connection with Dr. Langan, the ALJ opts to assign "Good"—not controlling—weight to this determination, without a single word of explanation.[6] DE 12 at 895. Moreover, while acknowledging the doctor's expertise, significant treating relationship and "consistency of the limitations with the claimant's history of femur fractures and surgery," *id.* at 890, the ALJ impermissibly altered that opinion. Dr. Langan provided a laundry list of activities in which the plaintiff should "never" engage, such as climbing ladders, or scaffolds, kneeling, crouching, crawling, or being exposed to unprotected heights, moving mechanical parts or extreme hot or cold. *Id.* at 895. Through a subtle and unfair revision of language, ALJ Kilgannon, both in his residual functional capacity (RFC) assessment and, more critically, in questioning the vocational expert, provided that the defendant should "avoid" such activities. *Id.* at 910. Since "avoid" allows exceptions (hence the common use of phrases like "always avoid"), it has a different meaning than "never." Therefore, it is impossible to tell on this record whether an appropriate question to the vocational expert would have changed her opinion as to whether plaintiff could return to his prior job. Most significantly, the ALJ made no effort to comply with Judge Block's instruction to apply the appropriate legal framework.

This is not the first time that the undersigned has been forced to reverse a determination by ALJ Kilgannon for failure to comply with Court directives upon remand. In a case that had

---

[6] Tellingly, the Commissioner makes no effort to defend ALJ Kilgannon's failure to properly analyze the opinions of Dr. Langan, notwithstanding Judge Block's clear direction to do so. Instead, the Commissioner relies unpersuasively upon an alleged failure by plaintiff to raise this issue, which careful review of the papers readily disproves. *Compare* DE 14 at 3 n.2 (claiming that plaintiff only raised an issue concerning one treating physician) *with* DE 13-1 at 18 (Plaintiff's argument that "THE ALJ FAILED TO GIVE CONTROLLING WEIGHT TO MR. DEMOSTHENOUS'S TREATING PHYSICIANS").

4

been appealed to a federal district court three times, this Court found that ALJ Kilgannon had "ignored the express directions imposed upon the last remand by simply reiterating his earlier decision, a seemingly willful disregard of a district court order." *Piorkowski v. Comm'r of Soc. Sec.*, No. 21-CV-5479 (GRB), 2022 WL 17824052, at *1 (E.D.N.Y. Dec. 20, 2022).

Notably, other judges in this judicial district and in the Northern and Southern Districts of New York have frequently reversed decisions by ALJ Kilgannon based upon a seemingly intractable failure to properly collect and weigh medical evidence and apply the treating physician rule, failure to comply with directions on remand and other similar circumstances. *See, e.g.*, *Poceous v. Comm'r of Soc. Sec.*, No. 20-CV-4870 (JS), 2024 WL 3029197, at *15 (E.D.N.Y. June 17, 2024) ("the ALJ's reasoning for weighing the medical opinions in the record is abundantly unclear to the Court"); *Kaiser v. Comm'r of Soc. Sec.*, No. 23-CV-1162 (ST), 2024 WL 2801982, at *10 (E.D.N.Y. May 31, 2024) ("ALJ Kilgannon's [post-remand] decision contains the same deficiencies" as prior decision); *Evans v. Comm'r of Soc. Sec.*, No. 21-CV-4876 (AMD), 2023 WL 2667005, at *5 (E.D.N.Y. 2023) ("ALJ's failure to request this information [from treating physician] was error and warrants remand"); *Roginsky v. Comm'r of Soc. Sec.,* No. 17-CV-5559 (KAM), 2020 WL 473617, at *5 (E.D.N.Y. Jan. 28, 2020) ("As ALJ Kilgannon failed to properly explain his reasoning, the Court cannot adequately review his findings and remand is appropriate."); *Portal v. Saul*, No. 17-CV-5503 (JMA), 2019 WL 4575391, at *3 (E.D.N.Y. Sept. 20, 2019) (noting that "ALJ Kilgannon failed to comprehensively explain why he granted little weight to some parts of Dr. Dorschug's 2014 opinion, while granting more weight to other parts of her opinion" and suggesting that the Commissioner consider assigning remand to a different ALJ); *Williams v. Berryhill*, No. 17-CV-1660 (JMA), 2019 WL 1271647, at *3 (E.D.N.Y. Mar. 19, 2019) ("ALJ Kilgannon failed to properly weigh the

5

medical opinion evidence in violation of the 'treating physician rule,' and did not properly evaluate Plaintiff's credibility"); *Scordino v. Berryhill*, No. 17-CV-4620 (ADS)(SIL), 2019 WL 8643444, at *7 (E.D.N.Y. Nov. 19, 2019), *adopted by*, 2020 WL 2113442 (E.D.N.Y. May 4, 2020) (including section entitled "ALJ Kilgannon Violated the Treating Physician Rule" and leaving reassignment to discretion of Commissioner); *Ridge v. Berryhill*, 294 F. Supp. 3d 33, 62 (E.D.N.Y. 2018) ("the ALJ failed to provide 'good reasons' for declining to accord controlling weight to the treating physicians' opinions"); *Diorio v. Saul*, No. 19-CV-1482 (JMA), 2020 WL 5947188, at *10 (E.D.N.Y. Oct. 7, 2020) ("ALJ Kilgannon failed to properly assess the opinions of Plaintiff's treating physician"); *Soderstrom v. Berryhill*, No. 17-CV-0982 (JFB), 2019 WL 2062430, at *6 (E.D.N.Y. May 9, 2019) ("the ALJ failed to adequately develop the record"); *Gearon v. Berryhill*, No. 17-CV-6675 (AMD), 2018 WL 6531594, at *4 (E.D.N.Y. Dec. 11, 2018) ("ALJ Kilgannon's explanation for his decision to give little weight to these doctors' opinions was not sufficient."); *Bonilla v. Saul*, No. 20-CV-807 (JMA)(SIL), 2022 WL 607095, at *15 (E.D.N.Y. Jan. 28, 2022), *adopted by*, 2022 WL 603935 (E.D.N.Y. Mar. 1, 2022) ("the ALJ failed to clarify the medical opinion of Dr. Pollack"); *Destina v. Berryhill*, No. 17-CV-02382 (ADS), 2018 WL 4964103, at *5, *9 (E.D.N.Y. Oct. 15, 2018) (noting that "ALJ erred in its discussion of Dr. Carter's opinion in numerous respects" and "ALJ Kilgannon's conclusion can only come from a selective reading of the record"); *Gallo v. Colvin*, No. 15-CV-9302 (AT)(BCM), 2016 WL 7744444, at *13 (S.D.N.Y. Dec. 23, 2016), *report and recommendation adopted*, 2017 WL 151635 (S.D.N.Y. Jan. 12, 2017) (ALJ Kilgannon "failed to fulfill h[is] duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts"); *Vongsouvanh v. Comm'r of Soc. Sec.*, No. 13–CV–1581 (TJM)(ATB), 2015 WL 926200, at *10 (N.D.N.Y. 2015) ("the ALJ erred in his evaluation of the medical evidence"); *Lopez-Delgado v. Comm'r of Soc.*

6

*Sec.*, No. 13-CV-5727 (JCF), 2014 WL 3687276, at *10 (S.D.N.Y. July 23, 2014) ("this case must be remanded to give the ALJ the opportunity to apply the treating physician rule properly"). In an opinion by the Honorable Arthur D. Spatt, which reviews one of ALJ Kilgannon's decisions without mentioning him by name, Judge Spatt found the following:

> Because the record before the ALJ was so deficient and flawed, the Court cannot engage in any meaningful analysis of whether he correctly applied the treating physician rule, whether his decision is supported by substantial evidence, or whether he properly weighed the Plaintiff's credibility.

*Staib v. Colvin*, 254 F. Supp. 3d 405, 409 (E.D.N.Y. 2017). Judge Spatt's assessment dovetails with a review of ALJ Kilgannon's work by Judge Mahon in the Southern District of New York, who found:

> there are so many holes in the Administrative Law Judge's reasoning, and his conclusions are both so strained and so inconsistent with evidence that he expressly found to have "significant weight," that I cannot reconcile his conclusions with the evidence in the record – even allowing for the Commissioner's substantial exercise of discretion.

*Ferone v. Colvin*, No. 14-CV-5140 (CM)(HBP), 2015 WL 12591674, at *1 (S.D.N.Y. July 27, 2015).

This troubling history[7] only heightens the Court's determination that upon remand, the matter must be assigned to a different ALJ based upon ALJ Kilgannon's failure to properly apply the treating physician rule consistent with Judge Block's directives.

---

[7] In *Mieczkowski v. Comm'r of Soc. Sec.*, 23-CV-896 (GRB), 2024 WL 113940, at *3 n.7 (E.D.N.Y. Jan. 10, 2024), this Court noted that:

> AUSAs assigned to this district's Civil Division, who answer to the United States Attorney, have traditionally served an important ameliorative gatekeeping function in civil litigation, often counseling client agencies to adopt less adversarial and more balanced positions in appropriate circumstances. In this instance, this function has been 'outsourced' to an attorney employed by the agency but cross-designated as a Special Assistant U.S. Attorney, a practice that seems to have increased in recent years.

**Conclusion**

The matter is remanded for consideration by a different Administrative Law Judge, consistent with this opinion and Judge Block's prior opinion. The Clerk of the Court is directed to close the case.

   SO ORDERED.

Dated: Central Islip, New York
       July 18, 2024

                                                    /s/ Gary R. Brown
                                                    GARY R. BROWN
                                                    United States District Judge

---

The Government's defense of ALJ Kilgannon's determinations in this and other cases may be yet another "litigative failure . . . related to the Commissioner's representational choices." *Id.* (collecting cases). The cross-designated Special AUSAs—who cover multiple regions—may lack insight or sensitivity to repeated problems with an ALJ located in a particular district.